Hinman, J.
The question in this case was, whether a sum of money in the defendant’s hands belonged to one Belden, or whether- it was the property of Elias Hotchkiss, who claimed it, and took upon himself the burden of the defense. The money was the proceeds of two notes; procured to be discounted by the defendant, who is a broker. They were payable to the order of Belden, and were indorsed by him and by said Hotchkiss. The defendant, on his examination as a witness, did not state precisely how he obtained the notes ; but he testified that he obtained the money on them for Mr. Belden, in pursuance of a request contained in a letter from him, dated and received at or about the time of receiving the notes, and that the letter was the authority under which he acted in obtaining it; whereupon the plaintiff offered the letter in evidence, which, on ob- [ *125 ] jection, was not ^received in this stage of the case. We think the letter was undoubtedly admissible, because it was the only direct and authentic evidence of the authority of.Huggins ; and, he having acted under it, it was proper for this purpose in showing the character in which he acted. Huggins stated without objection that he acted for Mr. Belden. He could only know this from the letter, and the letter therefore, was not only the best, but the only evidence of his authority. In the course of the trial Mr. Hotchkiss testified that he placed the notes in the hands of Belden, as his agent, to negotiate, and procure funds to pay other notes indorsed by him for the accommodation of Belden; and that Belden procured said notes to be negotiated through Huggins, as the agent of Hotchkiss. There was also other evidence to the same effect; whereupon the plaintiff then claimed that the letter had become admissible as the declaration of the agent of Hotchkiss while engaged in the business of his agency, as well as to show the character of the transaction, and the defendant *103 still objecting, the motion states, that the court then admitted it for the purpose claimed by the plaintiff; and it is now insisted that the effect of admitting it, at this stage of the case, without specifically limiting its effect to the simple purpose for which it was first offered, was to give it the additional weight of coming from the agent of Hotchkiss, and, therefore, of the same effect as an admission by Hotchkiss himself. We however have not been able to see that Mr. Hotchkiss could have been prejudiced by the evidence on this account, even if it be assumed that it was introduced in the manner claimed by him ; and we are well satisfied that there was nothing in the letter itself, or in the manner in which it was introduced and read to the jury, that was at all calculated to mislead them, if they understood its import, as we must presume they did. Both parties admitted that the notes came from Belden into the defendant’s hands. Now all there was in the letter, or in the manner of its admission, that could in any way operate in the plaintiff’s favor, was of a negative character entirely. It consisted simply in the fact, that, as in the letter he did not profess to be acting for any other person, *the jury might, from this circumstance, infer [ *126 ] that he was acting for himself alone. This, of course, was liable to be disproved, as it was claimed to be by Mr. Hotchkiss, whose evidence went principally to show that Belden was merely his agent. If, then, the letter was admitted on the ground that such an agency did in fact exist between Mr. Hotchkiss and Belden, a fact was assumed which went to exonerate the defendant from liability, and must, of course, have operated in his favor if it had any operation, and is not therefore a fact of which he or Mr. Hotchkiss ought to complain. If the plaintiff had been claiming that Belden was acting as an agent, no doubt it would have been necessary for him to establish the" agency before he was entitled to any admissions of the agent. But as he denied the agency, and only offered the letter for the purpose of showing that in the transaction he did not profess to be an agent, we do not see how he could be benefitted by the assumption of the truth of the main fact which he was disputing. Nor can Hotchkiss complain that the letter was admitted on the ground of Belden’s agency for him, for that was precisely what he claimed the fact to be. His only ground of complaint, therefore, must be confined to the introduction of the letter at all. If it was improper evidence, no doubt he would have reason to complain of it; but as we think it was proper evidence, we do not see that there can have been any error which could have operated to his prejudice. We do not think, however, that the motion states that the letter was admitted for the purpose of proving the agency *104 of Belden for Hotchkiss. It is true the motion states that the letter was admitted for the purpose claimed by the plaintiff. But the whole case shows that the plaintiff had no purpose of establishing any such agency. His purpose was all the other way. As we have seen, he was all along denying the agency. The purpose for which he offered the letter was to show in what capacity and in whose agency Huggins procured the notes to be discounted. And the only difficulty in the case arises from the fact that the' letter was not received in the first instance, when first offered, but came in after counsel had addressed [ *127 ] the court, on the subject of ^declarations by an agent while engaged in the business of his agency.
As the ruling in respect to this letter is the only ground for a new trial now insisted upon, we advise the superior court that it ought not to be granted.
■ In this opinion the other judges concurred.
New trial not advised. ■